IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DAVID WILSON AND VICTORIA WILSON | § § § § | |
| *Plaintiffs,* | | |
| v. | § § | CIVIL ACTION NO. 5:21-cv-00505 |
| CRESTBROOK INSURANCE COMPANY AND NATIONWIDE MUTUAL INSURANCE COMPANY | § § § § | |
| *Defendants.* | § | |

## NOTICE OF REMOVAL

Defendants Crestbrook Insurance Company and Nationwide Mutual Insurance Company ("Defendants"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *David Wilson and Victoria Wilson v. Crestbrook Insurance Company and Nationwide Mutual Insurance Company*; Cause No. 21265B; In the 198th Judicial District of Kerr County, Texas.

## I.
## BACKGROUND

1.      Plaintiffs David Wilson and Victoria Wilson (hereinafter "Plaintiffs") initiated the present action by filing their Original Petition in Cause No. 21265B; In the 198th Judicial District of Kerr County, Texas on May 8, 2021 (the "State Court Action").  *See* Plaintiffs' Original Petition, attached as **Exhibit A**.

2.      Crestbrook appeared and answered on May 27, 2021, asserting a general denial to the claims and allegations made in Plaintiffs' Original Petition.  *See* Defendants' Original Answer, attached as **Exhibit B**. Nationwide appeared and answered on May 27, 2021 asserting a general denial to the claims and allegations made in Plaintiffs' Original Petition and asserting it lacked

contractual privity with Plaintiffs because it did not issue the insurance policy forming the basis of this lawsuit. *Id.*

3.      Pursuant to 28 USC § 1446(a) all a copy of all process, pleadings, and orders served upon Defendants in the State Court Action are incorporated in **Exhibit A**.

4.      Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendants will give written notice of the removal to Plaintiffs through their attorney of record, and to the clerk of the 198th Judicial District Court of Kerr County, Texas.

5.      Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Defendants of Plaintiffs' Original Petition and less than one year after the commencement of this action.

## II.
## JURISDICTION

6.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441 because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.      Diversity of Parties**

7.      Plaintiffs are domiciled in Kerr County, Texas.  *See* **Exhibit A**, at ¶¶ 2-3. Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiffs are citizens of the State of Texas.

8.      Crestbrook Insurance Company is organized under the laws of Ohio and maintains its principal place of business in Ohio.  Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Crestbrook is a citizen of the State of Ohio.

9. Nationwide Mutual Insurance Company is organized under the laws of Ohio and maintains its principal place of business in Ohio. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Nationwide is a citizen of the State of Ohio.

10. Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a).

**B.      Amount in Controversy**

11. Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2); *see also Santiago v. State Farm Lloyds*, No. 7:13-CV-83, 2013 WL 1880845, at *1 (S.D. Tex. May 3, 2013). Removal is proper if it is "facially apparent" from the complaint that the claims asserted exceed the jurisdictional amount. *Puckitt v. Wells Fargo Bank, N.A.*, No. G-09-0056, 2010 WL 2635626, at *3 (S.D. Tex. June 28, 2010) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). Here, Plaintiffs seek "monetary relief over $1,675,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorneys' fees." Ex. A, at ¶ 6. Therefore, it is facially apparent from Plaintiffs' live petition that the amount in controversy in this case exceeds $75,000 rendering removal proper.

12. While Rule 47 of the Texas Rules of Civil Procedure requires an initial pleading to elect from among a pre-defined set of ranges of damages; the rule does not permit a plaintiff to plead that the amount in controversy is over $1,675,000 (as Plaintiffs have as done here). Ex. A, at ¶ 6. Thus, since Plaintiffs failed to comply with Rule 47 and instead demanded a range not authorized by the Texas Rules of Civil Procedure, courts may also rely on summary judgment-type evidence to establish the amount in controversy. *St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998). Here, Plaintiffs' pre-suit demand letter makes clear that they incurred actual

damages in the amount of "$1,003,581.96." **Exhibit C,** Plaintiffs' Pre-Suit Demand Letter. Even after considering Crestbrook's prior payment of $303,008.39, it is clear Plaintiffs seek actual damages totaling $700,573.57. *Id.* Thus, it facially apparent from Plaintiffs' pre-suit demand letter that the amount in controversy exceeds $75,000. *Espinoza v. Allstate Tex. Lloyd's*, 222 F. Supp. 3d 529, 536-39 (W.D. Tex. 2016) (analyzing a pre-suit demand letter and the types of damages sought in a plaintiff's live pleading to determine the amount in controversy); *see also* Ex. C, Plaintiffs' Pre-Suit Demand Letter.

13.     In addition, penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy. *H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also Greenberg,* 134 F.3d at 1253. Here, Plaintiffs also seek compensation for actual damages, consequential damages, treble damages, exemplary damages; attorney's fees; statutory interest, and pre- and post-judgment interest. Ex. A at ¶ 67.

14.     Therefore, the amount in controversy plainly exceeds $75,000, exclusive of interest and costs. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

### III.
### CONCLUSION

15.     Removal of this action under 28 U.S.C. § 1441 is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

16.     WHEREFORE, Defendants Crestbrook Insurance Company and Nationwide Mutual Insurance Company hereby provide notice that this action is duly removed.

Respectfully submitted,

/s/ Patrick M. Kemp
Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Robert G. Wall
Texas Bar No. 24072411
rwall@smsm.com
C Daniel DiLizia
Texas Bar No. 24099800
ddilizia@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEYS FOR DEFENDANTS
CRESTBROOK INSURANCE COMPANY
AND NATIONWIDE MUTUAL INSURANCE
COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing instrument has been served electronically via CM/ECF and Certified Mail this the 27th day of May, 2021 to:

Shaun W. Hodge           *#9414 7266 9904 2178 2223 40*
The Hodge Law Firm, PLLC
Old Galveston Square Building
2211 Strand, Suite 302
Galveston, Texas 77550
shodge@hodgefirm.com

/s/ Patrick M. Kemp
Patrick M. Kemp